NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

NOV 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **PHIYEN LESSOR**, | No. 11-35157 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-05072-LRS |
| v. | |
| **J C PENNEY CORP INC.**, | **MEMORANDUM**[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted October 13, 2011
Seattle, Washington

Before:     **KOZINSKI**, Chief Judge, **PAEZ**, Circuit Judge, and **COLLINS**, District Judge.[**]

Lessor is a Vietnamese immigrant who was given fewer opportunities than Caucasian stylists to attract customers, and was terminated from employment despite having been previously promoted.  Thus, she established a prima facie case

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Raner C. Collins, District Judge for the U.S. District Court for Arizona, sitting by designation.

of discrimination by showing that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

J.C. Penney gave a legitimate, nondiscriminatory reason for terminating Lessor that was sufficient to rebut a prima facie case of discrimination. See Noyes v. Kelly Servs., 488 F.3d 1163, 1169 (9th Cir. 2007). It claimed she was terminated for refusing to accept a "performance plan" created for her after several customer complaints. But there were genuine issues of material fact as to whether J.C. Penney's stated reason for terminating Lessor's employment was pretextual. "[W]e have repeatedly held that a single discriminatory comment by a plaintiff's supervisor or decisionmaker is sufficient to preclude summary judgment for the employer." See Dominguez-Curry, 424 F.3d at 1039.

Bates was involved in the decisionmaking process that led to Lessor's termination, and Lessor recalled a conversation with Bates where the latter made discriminatory remarks. Moreover, the absence of a policy concerning customer complaints or "performance plans" supports an inference of discriminatory intent. See McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1123 (9th Cir. 2004).

**REVERSED.**